Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2711 | **DATE** | 5/8/2012 |
| **CASE TITLE** | Kevin Betts (N–74536) vs. Salvador A Godinez | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Petitioner's motion for stay and abeyance of Habeas Corpus [4] is denied. Petitioner's motion for leave to file a memorandum in support of his Petition [5] is granted. Petitioner's motion to file Habeas Corpus petition under previously paid filing fee [3] is denied. Petitioner brought a new action in filing the instant Petition, and it is incumbent on him to pay a new filing fee if he wants to proceed in this new action. Petitioner is given until June 7, 2012, to pay the filing fee. Petitioner is warned that failure to pay the filing fee by June 7, 2012, will result in the dismissal of the instant action.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

This matter is before the court on Petitioner Kevin Betts' (Betts) *pro se* "Motion for Stay and Abeyance of Habeas Corpus." (Mot. St. 1). Betts previously filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 in case number 11 C 7197. In that case, Betts filed a motion to withdraw the habeas petition so that he could exhaust his state court remedies as to certain claims. On January 12, 2012, the court granted the motion to withdraw the habeas petition and dismissed the habeas petition without prejudice. On April 12, 2012, Betts filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 (Petition). Betts indicates in the Petition that he filed a second post-conviction petition in state court, which was denied by the trial court. (Pet. 3 1/2). Betts indicates that his appeal on the denial of his second post-conviction petition is still pending. (Pet. 3 1/2). Thus, Betts has still not exhausted his state court remedies on all issues presented in the Petition. Betts argues, however, that he has exhausted his state court remedies as to some of his claims, and he requests that the court stay the instant action until he has exhausted all his state court remedies in accordance with *Rhines v. Weber*, 544 U.S. 269 (2005).

In *Rhines v. Weber*, the Supreme Court held that "a federal district court has discretion to stay [a] mixed petition to allow the petitioner to present his unexhausted claims to the state court in the first instance,

| STATEMENT |
|---|

and then to return to federal court for review of his perfected petition." *Dolis v. Chambers*, 454 F.3d 721, 724 (7th Cir. 2006)(internal quotations omitted)(quoting *Rhines*, 544 U.S. at 271-72). However, the Supreme Court in *Rhines* emphasized that "stay and abeyance should be available only in limited circumstances. . . ." 544 U.S. at 277. The Supreme Court in *Rhines* further indicated that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court" and that "even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.*

In the instant action, Betts argues that he failed to exhaust all his claims on post-conviction petition review because of "deficient [and] unreasonable assistance of post conviction appellate counsel." (Mot. Stay 3). Betts argues his post-conviction attorney did not present all the claims that Betts wanted presented in his appellate brief. Betts contends that he told his counsel on appeal for his post-conviction petition to argue: (1) ineffective assistance of counsel by appellate counsel for failure to raise ineffective assistance of counsel by trial counsel for trial counsel's failure to object to comments made by the prosecutor during trial, and (2) ineffective assistance of counsel for "squandering Betts PLA to the Illinois Supreme Court. . . ." (Mot. Stay 5-6). Betts has not shown good cause for failing to exhaust such claims. Based upon the general principle that an "attorney is the prisoner's agent, and under well-settled principles of agency law, the principal bears the risk of negligent conduct on the part of his agent," a petitioner is generally bound by the actions of his post-conviction attorney. *Maples v. Thomas*, 132 S.Ct. 912, 922-23 (2012)(quotations omitted)(quoting *Coleman v. Thompson,* 501 U.S. 722 (1991). In the first instance, Betts has not shown any of his counsel in his criminal case to have been negligent. Even if Betts had done so, Betts is not entitled under the law to present a second round of arguments merely because Betts disagreed with his post-conviction counsel's tactical decisions. Betts indicates that his post-conviction attorney chose not to present certain arguments proposed by Betts, his client. Betts' post-conviction counsel was entitled to make such decisions within the scope of his professional discretion. Betts has not shown that this case is a situation where his post-conviction attorney "abandon[ed] his client without notice," and failed to act as Betts' representative. *Id.* at 922-23. Although Betts claims he was appointed counsel, he was not entitled to appointed post-conviction counsel. *See also Lavin v. Rednour*, 641 F.3d 830, 833 (7th Cir. 2011)(stating that "prisoners do not have the

| STATEMENT |
|---|

right to counsel on collateral review"). The mere fact that Betts disagreed with his post-conviction counsel's advice and did not prevail on his claims before the Illinois appellate court does not provide a basis to stay the instant action. The Seventh Circuit has recognized that while courts sometimes "recruit counsel not only to advocate effectively on behalf of the appellant, but to aid the court" on collateral review, "appellants on collateral review may dismiss counsel and represent themselves if they disagree strongly enough with counsel's professional opinion." *Id.*

It is also clear that the claims that Betts seeks to exhaust during the proposed stay are plainly meritless. As the Supreme Court stated in *Rhines*, a court should stay a habeas action only in limited instances since "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings," and "[i]t also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." 544 U.S. at 277. Betts has not shown that the instant action presents any exceptional circumstances, as articulated in *Rhines*, that would warrant staying the proceedings, and therefore, the motion to stay is denied.

Betts also moves for leave to file a memorandum in support of his Petition. That motion is granted. Finally, Betts moves for leave to allow him to re-file the instant Petition based on the filing fee in case number 11 C 7197. However, Betts chose to prematurely bring the prior habeas petition in case number 11 C 7197 and chose to seek a dismissal of that action because he realized he needed to exhaust his state court remedies. That action was not stayed, it was dismissed by Betts. Subsequently, Betts brought a new action in filing the instant Petition, and it is incumbent on him to pay a new filing fee if he wants to proceed in this new action. Betts is given until June 7, 2012, to pay the filing fee. Betts is warned that failure to pay the filing fee by June 7, 2012, will result in the dismissal of the instant action.