# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2711 | **DATE** | 6/28/2012 |
| **CASE TITLE** | Kevin Betts (N–74536) vs. Salvador A Godinez | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Petitioner's motion to reconsider [10] is denied. Petitioner has also filed *pro se* motions seeking leave to file instanter additional exhibits [7] for his Petition [7], a supplemental Petition [11], and an amended memorandum of law in support of his Petition [12]. Such motions [7], [11], and [12] to supplement are granted. Petitioner having paid the filing fee, Respondent is given until 07/30/12 to answer, move or otherwise plead to Petitioner's petition for writ of habeas corpus. In the event the Respondent answers Petitioner's petition, Petitioner is given until 08/30/12 to file his reply in further support of his petition. Should Respondent move to dismiss, Petitioner is given until 08/30/12 to file his response and Respondent is given until 09/06/12 to file his reply in further support of his motion to dismiss. Status hearing set for 11/08/12 at 9:00 a.m.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This matter is before the court on Petitioner Kevin Betts' (Betts) *pro se* motion for reconsideration. On April 12, 2012, Betts filed the petition for writ of *habeas corpus* in this case pursuant to 28 U.S.C. § 2254 (Petition). Betts indicates that his appeal on the denial of his second post-conviction petition is still pending and thus he still has not exhausted his state court remedies on all issues presented in the Petition. Betts argues, however, that he has exhausted his state court remedies as to some of his claims, and he requests that the court stay the instant action until he has exhausted all his state court remedies in accordance with *Rhines v. Weber*, 544 U.S. 269 (2005). On April 12, 2012, Betts filed a motion to stay his Petition pending the resolution of the unexhausted claims, and on May 8, 2012, this court denied the motion. Betts now requests that the court reconsider that ruling. Betts has not presented any new arguments that could have been presented earlier or shown that the court erred in denying his motion to stay the Petition. Betts has not shown good cause for failing to exhaust certain claims and the claims that Betts seeks to exhaust during the proposed stay are plainly meritless. Thus, a stay is not warranted, and the motion for reconsideration is

| STATEMENT |
|---|

denied. *See, e.g., Rhines*, 544 U.S. at 277 (explaining the considerations for granting a stay).

Betts has also filed *pro se* motions seeking leave to file instanter additional exhibits for his Petition, a supplemental Petition, and an amended memorandum of law in support of his Petition. Such motions to supplement are granted.