# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA ex rel.** | ) |
| **KEVIN BETTS,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )        **No. 12 C 2711** |
| | ) |
| **SALVADOR GODINEZ,** | ) |
| | ) |
| **Respondent.** | ) |

## <u>MEMORANDUM OPINION</u>

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Respondent's motion to dismiss Petitioner Kevin Betts' (Betts) *pro se* petition for writ of habeas corpus (Habeas Petition) brought pursuant to 28 U.S.C. § 2254. For the reasons stated below, the court grants Respondent's motion to dismiss.

## BACKGROUND

In April 1993, Betts was convicted in a jury trial in state court of first degree murder and aggravated battery with a firearm, for shooting one victim and wounding another. Betts was subsequently sentenced to concurrent terms of sixty-five years

1

and twenty-five years of imprisonment. Betts appealed the convictions, and on

August 1, 1996, the Illinois Appellate Court affirmed his convictions. Betts did not

appeal his convictions to the Illinois Supreme Court. On November 10, 1999, Betts

filed a pleading in state court where he alleged that he previously mailed a post-

conviction petition to the state circuit court on February 28, 1997. The circuit court

construed Betts' pleading as a post-conviction petition (First Post-Conviction

Petition) and dismissed it as untimely because Betts failed to offer any conclusive

proof that he actually mailed a petition on February 28, 1997. Betts appealed the

dismissal of the First Post-Conviction Petition, arguing that the dismissal was not

made within ninety days of the date on which the First Post-Conviction Petition

was docketed in violation of state court rules. The State confessed error, and the

appellate court reversed and remanded for further proceedings. On remand, the

circuit court held an evidentiary hearing and then denied the First Post-Conviction

Petition. On April 12, 2011, the Illinois Appellate Court affirmed the lower court's

ruling. Betts subsequently filed a petition for leave to appeal (PLA), and on

September 28, 2011, the Illinois Supreme Court denied the PLA.

On October 11, 2011, Betts filed a petition for a writ of habeas corpus (First

Habeas Petition) in federal court in case number 11 C 7197. Betts subsequently

voluntarily moved to withdraw the First Habeas Petition, and on January 12, 2012,

this court granted Betts' motion to withdraw and dismissed the action without prejudice. On January 25, 2012, Betts filed a successive post-conviction petition (Second Post-Conviction Petition) in state court. On February 8, 2012, Betts also filed a motion for leave to file the Second Post-Conviction Petition. On March 12, 2012, the circuit court denied Betts' motion. The record indicates that the Habeas Petition in the instant action was then filed on May 30, 2012, having been sent in an envelope postmarked on April 9, 2012. In the ongoing state court proceedings, Betts subsequently appealed the decision of the state court denying his motion for leave to file the Second Post-Conviction Petition. On June 28, 2012, Betts moved to withdraw his appeal, and the appellate court granted the motion to withdraw and dismissed the appeal. Respondent now moves to dismiss the Habeas Petition in the instant action as untimely.

## DISCUSSION

The statute of limitations for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d), which states the following:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct

3

review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

# DISCUSSION

Since Betts is proceeding *pro se*, the court has liberally construed Betts' *pro se* filings. *See Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004)(stating that "[a]s [the plaintiff] was without counsel in the district court, his habeas petition is entitled to a liberal construction"); *Greer v. Board of Educ. of City of Chicago, Ill.*, 267 F.3d 723, 727 (7th Cir. 2001)(indicating that a court should "liberally construe the pleadings of individuals who proceed *pro se*").

I.  Timeliness of Habeas Petition

Respondent argues that the Habeas Petition is untimely.  The statute of limitations for Betts' Section 2254  began to run on the date that his judgment became final.  *See* 28 U.S.C. § 2244(d)(1)(stating that "[t]he limitation period shall

4

run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review). Betts' judgment became final on September 5, 1996, which was thirty-five days after the Illinois Appellate Court affirmed his convictions on direct appeal on August 1, 1996. *See* Ill Sup. Ct. R. 315(b)(providing 35 days to file a petition for leave to appeal to the Illinois Supreme Court). Absent any tolling of the statute of limitations, the one-year statute of limitations period expired on September 5, 1997.

The only applicable tolling provision in this case is set forth in 28 U.S.C. § 2244(d)(2), which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The circuit court construed the pleading filed on November 10, 1999 as a First Post-Conviction Petition, which could toll the limitations period. However, by November 10, 1999, the limitations period had long since run, and thus there remained no running period to toll at that point. Although Betts alleged in the First Post-Conviction Petition filed on November 10, 1999 that he had mailed an earlier petition on February 28, 1997, the circuit court found, and the record in this case likewise reflects, that there was no conclusive proof that Betts had mailed an earlier petition. Thus, the statute of

limitations for the Habeas Petition expired on September 5, 1997, one year after Betts' conviction became final, and Betts failed to file in instant Habeas Petition until April 2012.

In addition, even if Betts did file a post-conviction petition on February 28, 1997, as he claimed in the First Post-Conviction Petition, the instant Habeas Petition would still be untimely. As of February 28, 1997, the statute of limitations had run for 176 untolled days. After the remand to the state trial court on the First Post-Conviction Petition, on September 28, 2011, the Illinois Supreme Court denied the PLA. Subsequently, the statute of limitations ran for 193 additional untolled days before the April 8, 2012 filing of the instant Habeas Petition. Thus, even if the court gave credence to Betts' unfounded claim that he filed a post-conviction petition on February 28, 1997, the Habeas Petition in the instant action would remain untimely.

Betts argues that the statute of limitations did not start to run until October 30, 1996, when Betts claims he learned from his appellate lawyer that his direct appeal had been denied and Betts first learned what issues had been raised in that appeal. However, Betts has not explained why he would not have been able to discover the arguments presented in Betts' appellate brief through reasonable diligence in order to file a post-conviction petition prior to the running of the statute of limitations on the instant Habeas Petition. In addition, even if the statute of limitations started to run

on October 30, 1996, the one-year limitations period had expired long before the First Post Conviction Petition was filed in November 1999. Therefore, the instant Habeas Petition is untimely.

The court notes that the statute of limitations could also have been tolled based on the equitable tolling doctrines. However, Betts has not shown any extraordinary circumstances that prevented Betts from filing the instant Habeas Petition in a timely fashion or from discovering that he had a potential claim in time to file the instant Habeas Petition within the limitations period. *See Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451-52 (7th Cir. 1990)(explaining equitable tolling doctrines). Betts has not shown that the statute of limitations should have been tolled based on the equitable tolling doctrines. Therefore, based on the above, Respondent's motion to dismiss is granted.

The Court also notes that even if the Habeas Petition had been timely, the Habeas Petition lacks any merit. The record reflects that there was ample evidence upon which to convict Betts. For example, the record reflects that Betts was later identified by one of the victims who was in the same room with Betts when Betts began firing his gun. (Ex. C 2-3). The record does not indicate that Betts' trial counsel or appellate counsel failed to effectively represent Betts.

Finally, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id.* A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDonnell*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the instant action, Betts has not made a substantial showing of the denial of a constitutional right as to any claims presented in the Habeas Petition. Nor has Betts shown that reasonable jurists could debate whether the Habeas Petition should have been resolved in a different manner or that any issues presented in the Habeas Petition deserve encouragement to proceed further. Therefore, should Betts decide to appeal this court's ruling, this court finds that a certificate of appealability would not be warranted.

## CONCLUSION

Based on the foregoing analysis, Respondent's motion to dismiss the Habeas

Petition is granted, and the court finds that a certificate of appealability would not be

warranted.


Samuel Der-Yeghiayan
United States District Court Judge

Dated:   December 4, 2012